UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMAJIO JEROME ELLIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-422-JD-JEM |
| BRIAN ENGLISH, et al., | |
| Defendants. | |

OPINION AND ORDER

Demajio Jerome Ellis, a prisoner without a lawyer, filed a complaint against nineteen defendants, alleging he is in imminent danger because officials at Miami Correctional Facility are failing to protect him from harm from other inmates since his transfer there on April 25, 2025. ECF 6. He alleges he was transferred from New Castle Correctional Facility because he faced threats there. But another inmate from New Castle was transferred with him and was placed just a few cells from him on L-Unit. That inmate spread rumors from New Castle that Ellis was a "snitch." ECF 6 at 9. Other inmates at Miami recognized Ellis, and they also labeled him a snitch. Ellis' cellmate called him a snitch and started extorting him, forcing him to buy commissary items and drugs. His cellmate physically attacked him a couple days later and began stealing from him. Ellis began filing classification appeals, emergency grievances, and protective custody requests. He was scared to sleep for fear of his cellmate killing him. After an incident with his cellmate on May 5, 2025, he again requested protective custody.

Instead of protective custody, Ellis was moved to P-Unit. The move to P-Unit did not keep him safe, as inmates there began telling him he's a snitch and is about to "get fucked up." ECF 6 at 13. Ellis requested protective custody. Instead of protective custody, he was moved to B-Unit in the early morning of May 8, 2025. Ellis faced threats in B-Unit as well. His cellmate told him that he "better watch [him]self" and that the inmates there had been waiting for him the opportunity to stab him. One inmate told him that he "left L-Unit with a debt" and that he "was about to get violated." *Id.* at 14. Ellis was afraid to leave his cell for breakfast that morning. He complained orally to staff members that he was not safe in B-Unit, he submitted protective custody requests. and had his family call into the prison. Early the next morning, Ellis was taken to the Restricted Housing Unit. He stayed there for several hours until he was escorted to A-Unit, an Administrative Housing Unit. On June 3, 2025, his protective custody request was denied, and Ellis was told he was going to be moved from A-Unit back to general population.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Ellis has plausibly alleged that he faces serious risks to his safety in the different general population units he has been transferred to at Miami Correctional Facility. Because of the seriousness of this claim, there isn't time to review the other claims in the complaint before ordering a response. Therefore, the court will order a response to the preliminary injunction motion and take the other claims under advisement and screen them as required by 28 U.S.C. § 1915A at a later date.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Brian English, the Warden of Miami Correctional Facility, has both the authority and the responsibility to ensure that Ellis is protected from harm as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Ellis will be allowed to proceed on an official capacity claim for permanent injunctive relief and Warden English will be required to respond to the preliminary injunction motion.

For these reasons, the court:

(1) GRANTS Demajio Jerome Ellis leave to proceed against Warden Brian English in his official capacity to obtain permanent injunctive relief to be protected from harm from inmates as required by the Eighth Amendment;

(2) TAKES UNDER ADVISEMENT all other claims for later screening as required by 28 U.S.C. § 1915A;

(3) DIRECTS the clerk to request Waiver of Service from Warden Brian English at the Indiana Department of Correction, with a copy of this order, the complaint (ECF 6), and the motion for a preliminary injunction (ECF 5);

(4) DIRECTS the clerk to fax or email a copy of the same documents to Warden Brian English at Miami Correctional Facility;

(5) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(6) ORDERS Warden Brian English to file and serve a response to the preliminary injunction, as soon as possible but not later than **July 7, 2025** (with supporting documentation and declarations from other staff as necessary) describing/explaining how Demajio Jerome Ellis is being protected from harm by other inmates to the extent required by the Eighth Amendment; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Brian English to **NOT RESPOND** to the complaint until the court screens the remaining claims as required by 28 U.S.C. § 1915A.

SO ORDERED on June 13, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT