UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMAJIO JEROME ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ENGLISH, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-422-JD-JEM |

OPINION AND ORDER

Demajio Jerome Ellis, a prisoner without a lawyer, filed a motion for a preliminary injunction because he believed he was in danger at Miami Correctional Facility. ECF 5. Warden Brian English in his official capacity was ordered to file a response, and he has done so. ECF 15. Ellis filed a reply and additional evidence. ECF 19, ECF 20. The motion is ready to be decided.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832

(1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Hale y v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Ellis alleges that since his transfer to Miami on April 25, 2025, he faced threats from inmates in the various housing units he has been housed in because rumors that he was a snitch had spread throughout the prison. He alleges that his first cellmate physically attacked him twice and he has received threats of further harm from inmates in several different housing units. In response to Ellis' claims that he is in danger, Warden English shows that Ellis is currently being housed in a single-man cell in the protective custody unit, AHU, where he has no face-to-face contact with other inmates. Warden English has indicated that Ellis will remain in AHU pending resolution of this litigation and will update the court if this arrangement changes.

2

In reply, Ellis speculates that even though the Warden says he will remain in AHU until the end of this litigation, staff might place his name on the "kick out list" anyway and force him back to population. ECF 19 at 2. He fears the Warden and staff members are trying to set him up in order to find a way to use force against him if he resists being wrongfully sent back to population.[1]

Given the safety measures currently in place until the end of this litigation, Ellis has not demonstrated that he will suffer irreparable harm in the absence of a preliminary injunction. His speculation that he might be wrongly transferred out of AHU before the case is over does not carry his burden to show he is likely to suffer irreparable harm if the preliminary injunction is not granted.

For these reasons, the court DENIES the motion for a preliminary injunction (ECF 5).

SO ORDERED on July 18, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

---

[1] The additional evidence Ellis provided is about a potential transfer to a different prison. ECF 20. Because a future transfer has no effect on whether he is currently safe, the court does not consider that evidence when deciding this motion.