**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DEMAJIO JEROME ELLIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:25-CV-422-JEM |
| | ) | |
| BRIAN ENGLISH and KROCK, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Demajio Jerome Ellis, a prisoner without a lawyer, is proceeding in this case on two claims: (1) "against Warden Brian English and Counselor Krock in their individual capacities for compensatory and punitive damages for failing to protect him from a known risk of harm from his cellmate, resulting in a second attack on May 5, 2025, in violation of the Eighth Amendment;" and (2) "against Warden Brian English in his official capacity to obtain permanent injunctive relief to be protected from harm from inmates as required by the Eighth Amendment." ECF 22 at 8. The defendants filed a motion for summary judgment, arguing Ellis did not exhaust his administrative remedies before filing this lawsuit. ECF 44. Ellis filed a response, and the defendants filed a reply. ECF 49, 50. Ellis then filed a motion for a temporary restraining order. ECF 56. The defendants' motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in

that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants provide an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), Ellis' grievance records, and a copy of the Offender Grievance Process, which

show the following facts: During all relevant times, an Offender Grievance Process was in place at MCF and available to Ellis. ECF 44-1 at 2, 5. The Offender Grievance Process required Ellis to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 44-1 at 2; ECF 44-2 at 3. Once an inmate submits a formal grievance, the Grievance Specialist "must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." ECF 44-2 at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* The Grievance Specialist attests the grievance office never received any grievance from Ellis related to his claim in this lawsuit. ECF 44-1 at 6.

In his summary judgment response, Ellis concedes he never fully exhausted any relevant grievance. The Court therefore accepts that as undisputed. Instead, Ellis argues his administrative remedies were unavailable because he submitted relevant grievances but never received any receipt or response from the grievance office. ECF 49. Specifically, Ellis argues he filed "over a dozen grievances" related to his claims against the defendants and attempted to file grievance appeals, but was ignored. *Id.* at 1-2, 5. Moreover, he attests that he spoke to staff about his issues and continuously wrote to Ms. Krock and Warden English regarding the threats he was receiving but still did not receive any assistance. ECF 49-1 at 2.

In this case, accepting as true that Ellis submitted relevant grievances and never received any receipt or response from the grievance office, the undisputed facts still show he had available administrative remedies he did not exhaust before he filed this lawsuit. Specifically, the Offender

3

Grievance Process provides that if an inmate submits a grievance and receives no receipt or response from the grievance office, the inmate "shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 44-2 at 9. In his response, Ellis does not allege or provide any evidence he complied with this requirement, which was a necessary step to fully exhaust his grievances. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. Mar. 10, 2020) (granting summary judgment to the defendant because the inmate did not provide evidence he notified the Grievance Specialist he did not receive a response to his grievance); *Ridley v. Neal*, No. 3:24-cv-32-PPS-JEM, 2024 WL 1113401, at *3-4 (N.D. Ind. Apr. 14, 2025) (concluding the "notice requirement" applies to Emergency Grievances in the same manner as it applies to normal grievances). Therefore, even accepting as true that Ellis submitted numerous relevant grievances for which he received no receipt or response from the grievance office, the undisputed facts show he still had administrative remedies available to him with regard to these grievances that he did not exhaust. And while Ellis attests that he wrote to Ms. Krock and Warden English regarding the threats he was receiving, writing to a counselor and the warden is not a valid substitute for exhausting the Offender Grievance Process. *See Lockett*, 937 F.3d at 1025 (the law takes a "strict compliance approach to exhaustion," requiring inmates to "file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

Accordingly, the defendants have met their burden to show Ellis did not fully exhaust his available administrative remedies before filing this lawsuit. Summary judgment is thus warranted

in favor of the defendants. The defendants' motion for summary judgment (ECF 44) will be granted, and Ellis' motion for a temporary restraining order (ECF 56) will be denied as moot.

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (ECF 44);

(2) **DENIES as moot** Ellis' emergency motion for a temporary restraining order (ECF 56); and

(3) **DIRECTS** the clerk to enter judgment in favor of the defendants and against Demajio Jerome Ellis and to close this case.

SO ORDERED this 15th day of April, 2026.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All Counsel of Record
       Plaintiff, *pro se*