**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

DEMAJIO JEROME ELLIS, )
Plaintiff, )
)
v. ) CAUSE NO.: 3:25-CV-422-JEM
)
BRIAN ENGLISH and KROCK, )
Defendants. )

**OPINION AND ORDER**

Demajio Jerome Ellis, a prisoner without a lawyer, moves for reconsideration of the order granting summary judgment in favor of the defendants. ECF 62. Ellis was proceeding against the defendants for failing to protect him from a known risk of harm from his cellmate. The Court granted summary judgment because the undisputed facts showed he had not exhausted his available administrative remedies before filing this lawsuit. ECF 60.

In its summary judgment order, the Court accepted as true Ellis's assertion that he filed "over a dozen grievances" related to his claims and attempted to file grievance appeals but received no response. *Id.* at 3. Nevertheless, the Offender Grievance Process requires an inmate who receives neither a receipt nor a response to a grievance to notify the Offender Grievance Specialist and retain a copy of the notice. ECF 44-2 at 9. The Grievance Specialist must then investigate and respond within ten business days. *Id.* Ellis provided no evidence that he complied with this notice requirement, so the undisputed facts showed he had available administrative remedies he had not exhausted. ECF 60 at 3–4; *see Lockett v. Bonson*, 937 F.3d 1016, 1027–28 (7th Cir. 2019) (holding that an inmate who received no receipt for his grievance appeal failed to exhaust when he did not pursue the available procedure for inquiring about its status).

In seeking reconsideration, Ellis again argues that he timely filed grievances and appeals and requested appeal forms, but his grievances "went ignored." ECF 62 at 2. Motions for reconsideration serve the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Publishers Resource v. Walker–Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985). They are not a vehicle for repeating arguments the Court has already considered and rejected. *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). The Court already considered Ellis's account and accepted it for purposes of summary judgment. Repeating that account does not address his failure to comply with the notice requirement or identify any error in the Court's ruling.

Ellis also relies on *Perttu v. Richards*, 605 U.S. 460, 468 (2025), which held that parties are entitled to a jury trial on exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment. *Perttu* does not require a different result here. First, the Court did not resolve any disputed material fact against Ellis. Even accepting his account of submitting unanswered grievances, the undisputed facts established that he had not exhausted the remedies still available to him. Second, whether Ellis complied with the grievance process's notice requirement is not intertwined with whether the defendants failed to protect him from his cellmate. The exhaustion ruling did not require the Court to decide the merits of that claim. *Perttu* therefore provides no basis for reconsideration.

For these reasons, the Court **DENIES** Ellis's motion for (ECF 62).

SO ORDERED this 5th day of October, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*